**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**TRAVIS JAKUBOWSKI,**

       **Petitioner,**

**v.**                                                 **Case No. 4:22cv086-MW/MAF**

**RICKY D. DIXON, Secretary,**
**Florida Department of Corrections,**

       **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On February 28, 2022, Petitioner Travis Jakubowski, a state inmate represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Petitioner paid the filing fee.  *See id.*

A review of the petition reflects that Petitioner Jakuboswki challenges his current confinement pursuant to a state court conviction from the Fourth Judicial Circuit Court, Duval County, Florida, which is located in the Middle District of Florida.  *See* ECF No. 1 at 1; 28 U.S.C. § 89(b).  The petition indicates, and a search of the Department of Corrections' website confirms, that Petitioner is incarcerated at the Okeechobee Correctional Institution, which is located in the Southern District of Florida.  *See* ECF No. 1 at 1; www.dc.state.fl.us/offenderSearch; 28 U.S.C. § 89(c).

For federal habeas corpus actions, jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration).  In this case, however, Petitioner is neither confined within the Northern District nor is his challenged conviction from a state court within the Northern District.   Therefore, this Court lacks jurisdiction and this petition should be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division.  *Id*.; M.D. Fla. R. 1.04(a).

Accordingly, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2022.

> **S/  Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**